UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-02180-SEB-CSW |
| | ) | |
| CAPITAL ONE BANK (USA), et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This cause is before the Court on Defendants' Motion to Dismiss [Dkt. 18] and Plaintiff's Motion for Judgment on the Pleadings [Dkt. 20]. Plaintiff Kevin Thomas, proceeding *pro se*, has brought this action against Defendants Capital One Bank (USA) N.A. ("Capital One") and Blitt and Gaines, P.C. ("Blitt and Gaines"), alleging that Defendants violated his constitutional rights and the Federal Debt Collection Practices Act ("FDCPA"). For the reasons detailed below, Defendants' Motion to Dismiss is <u>GRANTED</u> and Plaintiff's Motion for Judgment on the Pleadings is <u>DENIED AS MOOT</u>.

**Factual Background**

In his complaint, Mr. Thomas alleges that Capital One, represented by the law firm of Blitt and Gaines, filed suit against him in Howard Superior Court IV to collect on a $2,983.76 credit card debt. According to Mr. Thomas, the law firm's decision to file suit in Howard Superior Court rather than small claims court was part of Defendants' "strategy" to disadvantage him as a *pro se* litigant because represented parties have a

1

better chance of prevailing in Superior Court and litigation in Superior Court is more costly, takes longer, and is more intimidating than in small claims court. Sec. Am. Compl. at 4–5. Mr. Thomas also alleges that Defendants enlisted the assistance of the Howard County Sheriff's Department to secure service of process against him, thereby stigmatizing him since that means of service "carries with it a[] stigma" as well as "the false impression or implication that the consumer committed a crime." *Id.* at 5 (citations and quotation marks omitted).

Mr. Thomas further claims that in taking these actions "under color of state law," Defendants Capital One and Blitt and Gaines "willfully neglected their duty to due process and fundamental fairness under the law" and acted in violation of the FDCPA. *Id.* at 4–5. Mr. Thomas seeks "$1,000 in statutory and actual damages per the FDCPA and $75,000.00 in punitive damages per Defendant." *Id.* at 8.

## Legal Analysis

### I.   Applicable Legal Standards

Defendants have moved for the dismissal of Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted. In ruling on a motion to dismiss under Rule 12(b)(1), we "must accept the complaint's well-pleaded factual allegations as true and draw reasonable inferences from those allegations in the plaintiff's favor." *Franzoni v. Hartmax Corp.*, 300 F.3d 767, 771 (7th Cir. 2002) (citation omitted). We may, however, "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact

subject matter jurisdiction exists." *Estate of Eiteljorg ex rel. Eiteljorg*, 813 F. Supp. 2d 1069, 1074 (S.D. Ind. 2011) (citation omitted).

In addressing a motion under Rule 12(b)(6), the Court accepts as true all well-pled factual allegations in the complaint and draws all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint must therefore include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* FED. R. CIV. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. FDCPA Claim

Mr. Thomas seeks damages under the FDCPA based on Defendants' decision to sue him in Howard Superior Court rather than in small claims court and for enlisting the Howard County Sheriff to serve process on him, all of which he claims was unfairly expensive, complex, time-consuming, and intimidating as well as calculated to create a false impression that he had committed a crime. Defendants seek dismissal of this claim under Federal Rule of Civil Procedure 12(b)(1) on the grounds that it does not present a case or controversy within the scope of Article III and that Mr. Thomas does not have standing to sue under the FDCPA because the only injuries he alleges he suffered were

embarrassment and intimidation, which the Seventh Circuit has ruled are not cognizable injuries under the FDCPA.

"Article III of the Constitution limits the federal judicial power to resolving 'Cases' and 'Controversies' …." *Nabozny v. Optio Sols. LLC*, ___ F.4th ___, 2023 WL 6967048, at *2 (7th Cir. Oct. 23, 2023) (quoting U.S. CONST. art. III, § 2).  One component of the case-or-controversy limitation "is the requirement that a plaintiff have standing to sue—that is, a 'personal stake' in the outcome of the suit sufficient to engage the jurisdiction of the federal court." *Id.* (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). To establish standing, a "plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 141 S. Ct. at 2203.  The burden of establishing standing is on the party seeking to invoke federal jurisdiction; here, Mr. Thomas.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

The actions of Defendants challenged here by Mr. Thomas, to wit, using law enforcement officers as process servers and suing to collect a debt in superior court, are both permissible under Indiana law and are not violations of the FDCPA.  *See* Ind. Trial Rule 4.12 ("Whenever service is made by delivering a copy to a person personally or leaving a copy at his dwelling house or place of employment as provided by Rule 4.1, summons shall be issued to and served by the sheriff, his deputy, or some person specially or regularly appointed by the court for that purpose."); IND. CODE § 33-29-1.5-2 ("All superior courts have … original and concurrent jurisdiction in all civil cases ….");

*see also Thomas v. Fin. Builders F.C.U.*, No. 1:22-cv-00776-RLY-MJD, 2023 WL 1473302, at *1 (S.D. Ind. Feb. 2, 2023) (holding that using the sheriff to effectuate service is not violative of the FDCPA).  These lawful actions by Defendants may have intimidated or irritated Mr. Thomas or caused him embarrassment, but those harms are not legally sufficient, especially without any allegation of some other injury or concrete detriment[1] sufficient to confer standing under the FDCPA.  *See Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021) ("As our bevy of recent decisions on FDCPA standing makes clear, anxiety and embarrassment are not injuries in fact."); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071 (7th Cir. 2020) (holding that the plaintiffs' allegation that they were "intimidated" by a communication related to their debt that did not otherwise induce them to act to their detriment was not a concrete injury for standing).  Rather, under applicable Seventh Circuit law, "federal courts may entertain FDCPA claims only when the plaintiff suffers a concrete harm that he wouldn't have incurred had the debt collector complied with the Act." *Wadsworth*, 12 F.4th at 669 (citation omitted).  Mr. Thomas has failed to allege that he suffered such an injury here and thus has not established standing to advance his claim under the referenced statute.

---

[1] Mr. Thomas alleges that, because Defendants sued him in Superior rather than small claims court, he was forced to represent himself, resulting in a default judgment being entered against him.  However, the state court records pertaining to that case, of which we hereby take judicial notice, reveal that Mr. Thomas was not defaulted but instead that judgment was entered against him following a hearing on summary judgment.  *Ewell v. Toney*, 853 F.3d 911, 917 (7th Cir. 2017) (holding that state proceedings are a proper subject of judicial notice).

For these reasons, we GRANT Defendant's motion to dismiss as to Plaintiff's FDCPA claim, pursuant to Rule 12(b)(1). This dismissal—like all dismissals for lack of subject matter jurisdiction—is without prejudice.

### III.     Constitutional Claims

To the extent Mr. Thomas is also alleging that Defendants violated his rights under the United States Constitution, any such claim fails under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Mr. Thomas references 42 U.S.C. § 1983 and 18 U.S.C. § 242 as the statutory underpinnings for his constitutional claims. However, § 242 is a criminal statute under which there is no private right of action. *See Nasserizafar v. Indiana Department of Transportation*, 546 Fed. App'x 572, 574 (7th Cir. 2013).

Mr. Thomas's claim fares no better under § 1983, which requires conduct "fairly attributable to the State" to be actionable. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (§ 1983 action). As we explained in our prior screening order, Defendants here are private entities, and for the conduct of a private entity or individual to be considered state action, "there must be a sufficiently close nexus between the state and the private conduct so that the action may be fairly treated as that of the State itself." *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) (quotation marks and citations omitted). Mr. Thomas has alleged no such nexus here and it is not enough simply to invoke the phrase "under the color of law." *See Iqbal*, 556 U.S. at 678 (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy the Rule 8 pleading standard). Nor is the fact that Defendants enlisted the Howard

6

County Sheriff for the limited purpose of effecting service on Mr. Thomas a sufficient nexus for treating Defendants' conduct as that of a government actor. For these reasons, Defendants' motion to dismiss as to Plaintiffs' constitutional claims is granted without prejudice under Rule 12(b)(6).

### IV. Conclusion

For the reasons detailed above, Defendant's Motion to Dismiss [Dkt. 18] is <u>GRANTED</u> without prejudice. Plaintiff's Motion for Judgment on the Pleadings [Dkt. 20] is <u>DENIED AS MOOT</u>. Final judgment shall be entered accordingly.

IT IS SO ORDERED.

Date: 10/27/2023

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN THOMAS
1602 S Plate St.
Apt D-4
Kokomo, IN 46901

Thomas A. Burris
Blitt and Gaines, P.C.
tburris@blittandgaines.com